By the Court. Sandford, J.
The provisions of the code of procedure, cited by the plaintiff, have no application, as they do not affect suits pending prior to the code.
The order overruling the demurrer, is an absolute order upon the defendants to pay the costs thereby occasioned. Under the former practice, the plaintiff would have enforced payment j>y process of contempt; but this was abolished by a statute on the *650 24th of November, 1847, which provides that such costs may be collected by process in the nature of an execution against personal property, founded on the order of the court directing their payment. (Laws of 1847, ch. 390, page 491.) The precept in this case is such a process, and is thus warranted by the act cited.
The provision of the statute requiring an enrolment before execution, (2 R. S. 183, § 104,) and the consequent rule of the supreme court in equity, (Rule 77,) which is also the rule of this court; reltae to final decrees alone. The order in question is purely interlocutory, so that no enrolment was necessary.
It is claimed that the 119th rule of the supreme court in equity, gave the defendants twenty days after the filing and service of a taxed bill, in which to pay these costs. That rule was framed in reference to the existing practice of imprisoning for contempt, in not paying such costs ; the penalty being a commitment by an ex parte order, if the costs were not paid within the twenty days limited. We apprehend that with the abolition of the commitment, the reason of the rule ceases, and it should not be applied to the substituted remedy. We think the costs when taxed, under the present law, constituted a judgment, which is due and payable like any other judgment in a court of record. Waiving that point, there is another objection which is more difficult to be overcome. The plaintiff has not filed his taxed bill of costs ; and the 88th rule of the supreme court in equity, is imperative that the taxed costs shall be filed, before the party shall be entitled to issue an execution or other process for their collection. This omission makes the precept in question irregular, and it must be set aside, on the defendants stipulating to bring no action. On such stipulation being given, the plaintiff must pay ten dollars costs of the motion.